## SAWYER et al. v. HAHN.
### Civil Action No. 22196.

District Court, N. D. Ohio, E. D.

Feb. 6, 1945.

William F. Marsteller, of Cleveland, Ohio, and Robert Cushman and Charles O. Pengra, both of Boston, Mass., for plaintiff.

Wisner & Sloman, of Detroit, Mich. (Robert A. Sloman, of Detroit, Mich., and William C. McCoy, of Evans & McCoy, all of Cleveland, Ohio, of counsel), for defendant.

WILKIN, District Judge.

The complaint alleges infringement of claim 1 of U. S. Letters Patent 2,196,815, which covers a sub-article of manufacture entitled "Hair Retaining Comb". Prayer for injunction and accounting. The answer alleges that the patent is invalid and is not infringed. With reference to validity this court finds in favor of the plaintiff. The evidence fails to prove anticipation of the article described in claim 1. Other forms of gripping combs and injection molding were well known; but molded comb blanks with interconnected backs arranged in the arc of a circle with radially extending teeth, some of which were bulging, were first taught by Sawyer. Plaintiff's casting proved to be a salable product and in light of well known practice in comb manufacture, had practical use.

With reference to infringement, the court finds in favor of defendant. Plaintiff's patent relates to a highly developed field of manufacture. It is for an article, not a process. Claim 1 is unambiguous and restricted in effect. It has a very narrow range of equivalents. The only point of similarity between the comb blank of the patent and defendant's blank is that both are arcuate or bowed. Many arcuate comb backs are shown in the prior art, especially in the French patent, Exhibit N. The invention, described in claim 1 as "a plurality of molded comb blanks having demarked but interconnected backs with said backs having their inner terminal edges shaped and arranged substantially in the arc of a circle", is not embodied in the article manufactured by defendant.

It seems to this court that the invention of the plaintiff is limited to a casting from the mold of Figures 1 and 2 of his patent. The defendant's blanks are arranged back to back in two rows, not in the circular arrangement taught by the patent. The claim of the patent requires that the blanks have interconnected backs. In the defendant's casting the blanks are connected only by the molding form which allows the creation of combs through a common sprue, and this was also taught by the prior art. There is a marked difference in the teeth of plaintiff's and defendant's comb. The claim mentions bulging teeth extending substantially radially. The teeth of defendant's comb are angular or crooked rather than bulging and extend from the back of the comb at various angles and not radially.

There is difference in the treatment of the backs of the combs after molding; the plaintiff straightens the back, while the defendant sets the backs to final curvature; but this is immaterial because the patent does not cover a process. If the patent covered a plurality of molded comb blanks and heat-treating and shaping of the back of the comb, as well as the article shown in Fig. 1, there would no doubt be infringement. But the invention delimited in claim 1 is not infringed by the casting shown in Defendant's Exhibit 20.